## THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| Alexander Harrison West,<br><br>            Plaintiff,<br><br>v.<br><br>The Kroger Co.,<br><br>            Defendant. | **RULING AND ORDER TEMPORARILY GRANTING MOTION TO PROCEED IN FORMA PAUPERIS and ORDERING PLAINTIFF TO FILE AMENDED COMPLAINT**<br><br>**Case No. 1:26-cv-100 DBP**<br><br>**Magistrate Judge Dustin B. Pead** |

This matter is before the court on Plaintiff Alexander Harrison West's Motion for Leave to Proceed *in forma pauperis*[1] and Motion to Expedite Processing of *in forma pauperis* and Complaint.[2] Because the court addresses Mr. West's complaint and Motion for Leave to Proceed *in forma pauperis* the Motion to Expedite is DEEMED MOOT.

Further, as set forth herein the court temporarily grants Plaintiff's Motion for Leave to Proceed *in forma pauperis* and ORDERS Plaintiff to file an Amended Complaint on or before September 4, 2026. Failure to file an Amended Complaint may result in the court dismissing this case.

---

[1] ECF No. 2.

[2] ECF No. 8.

**<u>STANDARD OF REVIEW</u>**

### I.        Screening Under 28 U.S.C. § 1915

Under the in forma pauperis statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[3] The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4] To help facilitate that objective, the in forma pauperis statute provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[5]

When determining whether to dismiss a case under §1915, the court employs the same standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12.[6] Additionally, Federal Rule of Civil Procedure 8 is incorporated into the court's analysis.[7]

---

[3] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[4] *Trujillo v. Williams,* 465 F.3d 1210, 1216 (10th Cir. 2006) (citing *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

[5] *Id.*

[6] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007) ("We apply the same standard of review for dismissal under §1914(e)(2)(B)(ii) that we employe for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."); Fed. R. Civ. P. 12(b)(6).

[7] *See United States ex rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010) ("Rule 8(a)'s mandate, that plaintiffs provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' has been incorporated into both the 9(b) and 12(b)(6) inquiries") (citing Fed. R. Civ. P. 8(a)).

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[8] The court accepts well-pleaded allegations as true and views the allegations in the light most favorable to the Plaintiffs, drawing all reasonable inferences in the Plaintiffs' favor.[9] A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] To properly state a claim for relief in federal court, Plaintiff must craft a pleading that clearly states "what each defendant did to [Plaintiff]; when the defendant did it; how the defendant's action harmed [Plaintiff]; and, what specific legal right the [P]laintiff believes the defendant violated."[12]

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[13] and further provides that "[e]ach allegation must be simple, concise, and direct."[14] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action

---

[8] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[9] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929) (2007)).

[11] *Id.*

[12] *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Stone v. Albert,* 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) ("To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'") (emphasis in original)).

[13] Fed. R. Civ. P. 8(a)(2).

[14] Fed. R. Civ. P. 8(d)(1).

will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement'"[15] "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[16]  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[17]

### II.      Pro Se Litigant

As a pro se litigant, the court construes Mr. West's complaint liberally and holds Plaintiff's pleadings to a less stringent standard than formal pleadings drafted by lawyers.[18] Yet even under a liberal review, Plaintiff is not excused from compliance with federal pleading requirements or from stating a claim for which relief may be granted.[19] For example, a pro se plaintiffs still has "the burden of alleging sufficient facts on which a recognized legal claim could be based."[20] Further, it "is not the proper function of the Court to assume the role of advocate for a pro se litigant,"[21] and the court should not "supply additional facts, [or] construct a legal theory . . . that assumes facts that have not been pleaded."[22]

---

[15] *Iqbal,* 556 U.S. at 662 (quoting *Twombly,* 559 U.S. at 555, 557 ) (alteration in original).

[16] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[17] *Twombly,* 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

[18] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[19] *Id.* at 1009; *see also* Fed. R. Civ. P. 8; 28 U.S.C. §1915(e)(2)(B)(i)(ii); Fed. R. Civ. P. 12(b)(6).

[20] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[21] *Hall*, 935 F.2d at 1110.

[22] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied,* 493 U.S. 1059, 107 L. Ed. 2d. 954, 110 S. Ct. 871 (1990).

**DISCUSSION**

I.    **Plaintiff 's Complaint is replete with significant substantive legal, procedural, and factual flaws.**

A.  **Plaintiff fails to comply with Federal Rule 8**

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."[23] The purpose of this rule is to provide opposing parties with fair notice of the claims against them so that they may respond, and it allows a court to conclude that the allegations, if proven, show a plaintiff is entitled to relief.[24]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. Here the Complaint is highly repetitive, and rambles across a narrative of events and personal reflections. For example, the Complaint relates that Defendant hired an adult named Brandon who was not treated very well over 20 years and notes other friends of Plaintiff that worked at Defendant who were "cussed" out multiple times.[25] Mr. West also relates challenges in the employment process with Jack in the Box, which is entirely unrelated to the current dispute. Even under the liberal construction of Plaintiff's Complaint, facts such as these fail to provide any well-pleaded factual allegations to support the alleged claims for relief.

---

[23] Fed. R. Civ. P. 8.

[24] *See Monument Builders of Greater Kan. City Inc. v. Am. Cemetery Assn. of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989) (citing *Perrington Wholesale Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979); *see also Nasious*, 492 F.3d at 1163 (holding a plain statement under Rule 8 provides defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits").

[25] Complaint at 4-5.

### B. Plaintiff misapplies 42 U.S.C. § 1981

42 U.S.C. § 1981 prohibits race-based discrimination in making and enforcing contracts. Plaintiff cites to Section 1981 claiming discrimination based on his Scottish ancestry and ethnicity.[26]  Section 1981 protects against discrimination based on race in the making and enforcement of contracts. Claiming ancestry from Scotland (and having a middle name of Harrison as noted by Plaintiff) does not meet the legal threshold for race-based discrimination or racial profiling under § 1981.

### C. Plaintiff provides unviable claims under Title I of the Americans with Disabilities Act (ADA)

Under Title I of the Americans with Disabilities Act (ADA), employers are required to provide reasonable accommodations to perform essential job functions. An applicant can also request a reasonable accommodation such as extra time on a test, or sign language interpreters. Here, Plaintiff provides "Title I of the Americans with Disabilities Act was put against me for failing to hire me as disabled adult."[27] Mr. West further notes that he asked for Sundays off due to religious reasons but was denied. This is not enough to make a viable claim under the ADA for failure to accommodate. Plaintiff had yet to be hired by Defendant, so Plaintiff's ability to perform the essential functions of an unknown job, coupled with the requested schedule accommodation, is speculative at best, and not a proper basis for an ADA claim.

### D. Other failures in Plaintiff's Complaint

Plaintiff admits that in "2024 [he] attempted to steal at the Kroger store and that was a bad vibe."[28] This allegedly led to Plaintiff being "blacklisted." Employers have a legitimate, non-

---

[26] Complaint at 7.

[27] Complaint at 4.

[28] Complaint at 4.

6

discriminatory reason not to hire an applicant who attempted to steal from their store.[29] This admission severely undermines any claim Plaintiff has that the failure to hire was due to disability or religious bias. This warrants dismissal of Plaintiff's Complaint under the applicable standards.

Finally, Mr. West demands $2,000,000 in regular damages and $1,000,000 in punitive damages. Statutory damages under Title VII and the ADA are subject to federal statutory caps well below these unsupported frivolous amounts. For example, the maximum total cap for emotional distress/punitive damages combined against employers with more than 500 employees is $300,000 under 42 U.S.C. § 1981a(b)(3). Moreover, claiming punitive damages because an unnamed manager was "yelling and screaming", which made Plaintiff allegedly cry, does not, on its face, satisfy the legal standard for punitive damages.

## CONCLUSION

Generally, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile" to provide an opportunity to amend.[30] Based on what the court has set forth above, this matter is as close as possible to the line where permitting an amended pleading would be futile. However, the court will afford Plaintiff an opportunity to amend the complaint. Prior to the filing of the amended complaint, the court will not consider any other motions, and they will be lodged for reference purposes only.

---

[29] *See, e.g., Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106 (10th Cir. 2007) (noting theft was a legitimate reason for filing counterclaims against an employee who brought discriminatory claims); *Young v. Dillion Companies, Inc.*, 468 F.3d 1243 (10th Cir. 2006) (noting employer's proffered nondiscriminatory reason of theft undermined the plaintiff's allegations of race discrimination).

[30] *Kay v. Bemis,* 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotation marks omitted).

**AMENDMENT**

Plaintiff should consider these general points before filing an Amended Complaint:

1.      The Amended Complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. Any claims which are not realleged in the Amended Complaint will be deemed abandoned.[31]

2.      The Amended Complaint must clearly state what each named Defendant did to violate Plaintiff's rights.[32] Plaintiff should identify each constitutional violation and include, as must as possible, specific dates when the alleged constitutional violations occurred.

3.      Each cause of action, together with the facts and citations that support the cause of action, should be stated separately.

**ORDER**

Consistent therewith, the court ORDERS as follows:

1.      Plaintiff's Motion to Expedite Processing of his *in forma pauperis* motion is DEEMED Moot.

2.      Plaintiff is to file an Amended Complaint by **September 4, 2026.** The words "Amended Complaint" should appear in the caption of the document.

3.      Once filed, the court will screen the Amended Complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

---

[31] *See Pierce v. Williams*, 2020 U.S. Dist. LEXIS 185074 at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect")); *Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (amended complaint supersedes original complaint).

[32] *Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976) (personal participation of each named defendant required to state a civil rights claim).

4.    Other than an Amended Complaint, any other motions filed at this time will be

lodged on the docket.

5.    Failure to file a timely Amended Complaint will result in dismissal of this action.


IT IS SO ORDERED.


DATED this 5 August 2026.

_____
Magistrate Judge Dustin B. Pead
United States District Court for the District of Utah

9